IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) DEBORAH CHANDLER, | ) | |
| | ) | |
| Plaintiff, | ) | CIV-17-690-HE |
| | ) | |
| vs. | ) | |
| | ) | COMPLAINT |
| (1) PROFESSIONAL FINANCE COMPANY, INC., | ) | (Unlawful Debt Collection Practices) |
| AND (2) PFC FUNDING, LLC, | ) | |
| | ) | |
| Defendants. | | |

## COMPLAINT

NOW COMES Plaintiff, Deborah Chandler, and for her Complaint against Defendants, Professional Finance Company, Inc. and PFC Funding, LLC, alleges as follows:

## INTRODUCTION

1. Plaintiff states a claim against Defendants for violation of the Fair Debt Collection Practices Act, codified 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which was enacted in 1978.

2. Congress stated its findings and purpose of the FDCPA:

(a) **Abusive practices**

> There is *abundant evidence* of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) **Inadequacy of laws**

> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Available non-abusive collection methods**

> Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) **Interstate commerce**

> Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) **Purposes**

> It is the purpose of this title to *eliminate* abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

4. Defendants conduct business in the state of Oklahoma; therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person who resides in Norman, County of Cleveland, Oklahoma.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Plaintiff is informed and believes, and thereon alleges, that Defendants are each a collections business with an office in Greeley, Colorado.

10. Defendant PFC Funding, LLC ("PFC Funding") is a Colorado limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone, in its business, the principal purpose of which is to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. PFC operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Oklahoma via collection letters, phone calls, credit reports and lawsuits. In fact, Defendant PFC was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

11. Defendant Professional Finance Company, Inc. ("PFC Inc.") is a Colorado corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. PFC Inc. operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Oklahoma. In fact, Defendant PFC Inc. was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

12. Defendant PFC Funding is a bad debt buyer that buys/obtains large portfolios of defaulted medical debts for pennies on the dollar, which it then collects upon through other collection agencies, like its sister corporation, Defendant PFC Inc.

13. Upon information and belief, Defendants use interstate mail and makes telephone calls to consumers attempting to collect on defaulted consumer debt.

14. Defendants acted through thier agents, employees, officers, members, directors,

heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

15. On April 18, 2016, Defendant PFC Inc. sent correspondence to Plaintiff seeking and demanding payment for an alleged defaulted medical debt incurred by her husband in 2011 had been allegedly purchased by Defendant PFC Funding, LLC.

16. During this call, Defendant PFC Inc. told Plaintiff that if the debt was not satisfied, then the debt would be reported to her credit bureaus on May 17, 2016. However, upon information and belief, this was a groundless threat, and Defendant PFC Inc. never reported her husband's 5 year old debt to Plaintiff's credit report.

17. On May 23, 2016, Plaintiff sent a letter to Defendant PFC Inc. advising Defendants that she refused to pay the alleged debt pursuant to 15 U.S.C. §1692c(c).

18. Pursuant to 15 U.S.C. §1692c(c), after Defendant PFC Inc. received Plaintiff's written notice, Defendants may not further communicate with Plaintiff regarding the debt, except only for limited purposes, such as to advise Plaintiff that Defendants are ceasing communications or notifying Plaintiff that Defendants are invoking a certain remedy, like filing a lawsuit.

19. Defendant PFC Inc. received Plaintiff's correspondence on May 23, 2016 via certified mail receipt.

20. Despite receiving Plaintiff's correspondence, Defendant made additional calls from phone number (855) 267-5572 to Plaintiff on May 23, 2016 and June 23, 2016.

21. Defendant PFC Inc. was acting on behalf of, and was the agent of, Defendant PFC Funding when communicating with Plaintiff. Defendant PFC Funding is therefore liable for the actions of its agent and sister company, Defendant PFC Inc., through the doctrine of respondeat superior.

22.     Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendant in the form of anger, anxiety, frustration, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

### COUNT I
### DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

23.     Defendants violated §1692c(c) of the FDCPA by continuing its attempts to collect a debt from Plaintiff after Plaintiff notified Defendant in writing that Plaintiff refused to pay the alleged debt.

**WHEREFORE**, Plaintiff, Deborah Chandler, respectfully prays that judgment be entered against Defendants, Professional Finance Company, Inc. and PFC Funding, LLC, jointly, for the following:

a)      Statutory damages of $1,000.00 against each Defendant, pursuant to the FDCPA, 15 U.S.C. 1692k;

b)      Actual damages pursuant to the FDCPA, 15 U.S.C. 1692k;

c)      Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

d)      Any other relief that this court deems to be just and proper.

Respectfully submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591
**PARAMOUNT LAW**
CONSUMER PROTECTION FIRM
4835 S. Peoria Ave., Suite 1
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
2847@paramount-law.net